**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JOHN NEGRI**, <br><br> Plaintiff, <br><br> v. <br><br> **RUST-OLEUM, CORP.**, *et al.*, <br><br> Defendants. | Civil Action No. 24-7095 (ZNQ) (RLS) <br><br> **OPINION** |

**QURAISHI, District Judge**

     **THIS MATTER** comes before the Court upon Plaintiff John Negri's ("Plaintiff") Motion to Remand to the Superior Court of New Jersey, Warren County, and his request for attorney's fees, pursuant to 28 U.S.C. § 1447(c). (the "Motion", ECF No. 5.) Plaintiff filed a brief in support of the Motion. ("Moving Br.", ECF No. 5-1.) Defendants Rust-Oleum Corporation and Paul Kiminski (collectively, "Defendants") filed a brief in opposition, ("Opp'n Br.", ECF No. 7) to which Plaintiff replied, ("Reply Br.", ECF No. 8).

     The Court has carefully considered the parties' submissions and decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court will DENY the Motion.

**I.**    **BACKGROUND AND PROCEDURAL HISTORY**

     This is an age discrimination in employment case. As alleged in the Complaint, Plaintiff worked at Rust-Oleum as a flooring specialist from June 2017 to March 2023. ("Compl.", ECF No. 1-1, Ex. A-¶¶6–7; 15.) Before that, Plaintiff worked for twenty-two years at Rust-Oleum's

sister company selling and installing industrial floor systems. (*Id.* ¶7). At Rust-Oleum, Plaintiff received yearly merit-based raises and in 2019 received a company-wide sales award. (*Id*. ¶8.)

Plaintiff alleges that a pattern of discrimination against older employees began in August 2021 when Defendant Paul Kaminski ("Kaminski") became supervisor. (*Id*. ¶9.) In the months leading up to Plaintiff's termination, Kaminski had allegedly repeatedly criticized Plaintiff for not meeting the company standards and caused two other older flooring specialists to resign or retire. (*Id.* ¶¶10-14). Rust-Oleum terminated Plaintiff in March 2023. (*Id.* ¶15.) Plaintiff was sixty-three years old. (*Id*. ¶18.)

On January 4, 2024, Plaintiff filed a civil action against Defendants in the Superior Court of New Jersey, Warren County. The Complaint alleges one count of age discrimination in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 *et seq.* ("NJLAD") (Count I). (Compl. ¶¶17-21). On June 18, 2024, Defendants removed the Complaint to this Court on diversity jurisdiction grounds. ("Notice of Removal", ECF No. 1.) On July 8, 2024, Plaintiff filed the instant Motion.

## II.     SUBJECT MATTER JURISDICTION

The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the parties are diverse, and the value of the controversy exceeds $75,000.

## III.    LEGAL STANDARD

"Defendants may remove civil actions from state court to federal court so long as the district court would have had subject-matter jurisdiction had the case been originally filed before it." *McLaren v. UPS Store Inc.*, 32 F.4th 232, 236 (3d Cir. 2022) (citing 28 U.S.C. § 1441). A district court has subject matter jurisdiction over all civil actions where the amount in controversy exceeds $75,000 and there is complete diversity among the parties, meaning "no plaintiff [may]

be a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010); 28 U.S.C. § 1332(a)(1). After a case has been removed, the district court may nonetheless remand it to state court if the removal was procedurally defective or subject matter jurisdiction is lacking. 28 U.S.C. § 1447(c).

## IV.   DISCUSSION

As a threshold matter, the parties do not dispute that there is complete diversity and that the value of their dispute exceeds $75,000. Instead, the parties dispute whether Defendants timely removed this action.

As for what constitutes timely removal, "[t]wo thirty-day clocks limit the time within which a defendant may remove a case." *McLaren*, 32 F.4th at 238. First, under 28 U.S.C. § 1446(b)(1), a defendant may file a notice of removal "within 30 days after receipt by defendant . . . of a copy of the initial pleading." Second, if a case is not removable based on the initial pleading, a defendant may remove a case "within 30 days after receipt . . . of a copy of the amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). "Subsection (b)(3) 'is an exception to' (b)(1), in that it only applies if the initial pleading did not give defendant notice of removability." *McLaren*, 32 F.4th at 236. In other words, "the thirty-day clocks are triggered by either the four corners of the initial complaint or documents a defendant receives." *Id*. at 241.

Plaintiff argues that Defendants were on notice that the amount in controversy exceeded $75,000 at the time the Complaint was filed in January 2024 because (1) the parties engaged in pre-litigation settlement discussions in August 2023, wherein Plaintiff demanded $300,000, and (2) the Complaint pled damages for severe emotional distress, economic losses, lost employment opportunities, and "full compensation for front and back pay and benefits." (Moving Br. at 6.)

3

Plaintiff submits that Defendants therefore should have removed the action within thirty days of January 2024, according to subsection (b)(1)'s window, and their June 2024 removal was thus untimely. (*Id*. at 9.)

Defendants contend that removal was timely under subsection(b)(3) because they removed the case within thirty days of ascertaining the amount in controversy through Plaintiff's answers to interrogatories. (Opp'n Br. at 3.) According to Defendants, through examination of documents Plaintiff produced on May 22, 2024, in response to discovery demands, Defendants were "able to ascertain, for the first time, that Plaintiff was seeking around $137,000 in back pay" and was "never actually seeking damages related to physical and bodily injuries." (*Id*.) Defendants then filed a notice of removal within thirty days on June 18, 2024. (*Id.*)

In his reply, Plaintiff claims that New Jersey Court Rule 4:5-2 instructs litigants, in their pleadings, to "demand damages generally without specifying the amount." (Reply at 2.) As such, Plaintiff asks the Court to consider how Rule 4:5-2 should be read in conjunction with 28 U.S.C. § 1446(b). (*Id.*)

The Court will now turn to whether removal was timely under either subsection (b)(1) or (b)(3) in accordance with the Third Circuit's relatively recent decision in *McLaren*.[1]

---

[1] Notably, the parties disagree about the proper standard the Court should apply to determine whether removal was timely. Plaintiff argues that timeliness should be examined using the "subjective inquiry" approach whereas Defendants argue the Court should apply the "bright-line" rule. Under the subjective-inquiry approach, the thirty-day period begins when defendants can "reasonably and intelligently conclude" from the circumstances and pleadings "that the amount in controversy exceeds the jurisdictional minimum." *Carroll v. United Air Lines, Inc.*, 7 F. Supp. 2d 516, 521 (D.N.J. 1998). There is no meaningful dispute on this issue, however, because the Third Circuit explicitly rejected the subjective inquiry approach in favor of the bright line rule based on the latter's inherent practical advantages as well as the literal text of 28 U.S.C. § 1446. *McLaren*, 32 F.4th at 238–41. Under the bright-line rule, "if a complaint does not plead specific damages, and does not otherwise make clear that the amount in controversy exceeds $75,000, the 30-day clock for removal does not begin to run until the defendant receives a document that clearly states the amount in controversy is more than $75,000." *Riconda v. US Foods, Inc.*, Civ. No. 19-1111, 2019 WL 1974831, at *5 (D.N.J. May 3, 2019). The Court will follow this bright line rule.

4

A.     SUBECTION (B)(1)

The Court's examination of whether the case is removable under (b)(1) "begins and ends within the four corners of the pleading." *McLaren*, 232 F.4th at 236. Subsection (b)(1)'s thirty-day clock is triggered where the pleading informs the defendant "to a substantial degree of specificity," that there is federal jurisdiction. *Id*. A complaint provides a "substantial degree of specificity" that the amount in controversy is over $75,000 where the complaint includes "a clear statement of the damages sought" or of "sufficient facts from which damages can be readily calculated," or otherwise "affirmatively reveal[s] . . . that [the plaintiff] is seeking damages in excess of the minimum jurisdictional amount." *Id.* at 237 (internal citations omitted).

Here, the Complaint does not state the explicit value of damages sought (perhaps due to Rule 4:5-2). Although a complaint "does not necessarily have to allege a specific dollar amount to give notice to the defendant of the existence of [f]ederal jurisdiction," *Carroll v. United Air Lines, Inc.*, 7 F. Supp. 2d 516, 521 (D.N.J. 1998), it should alternatively allege whether damages exceed the minimum federal jurisdictional amount. *See Vartanian v. Terzian,* 960 F. Supp. 58, 61–62 (D.N.J. 1997) (explaining that "where the plaintiff does not or cannot plead damages in a specific dollar amount but wishes the thirty-day period to run from the defendant's receipt of the initial pleading, the plaintiff must place in the initial pleading a specific allegation that damages exceed the minimum federal jurisdictional amount.") This rule, as explained by this Court in *Entrekin v. Fisher Scientific Inc.,* "combines the *Foster*[2] requirement of adequate notice with New Jersey Court Rule 4:5–2's prohibition against a specific demand for a certain amount of damages in an unliquidated damages claim." 146 F. Supp. 2d 594, 608 (D.N.J. 2001). Notably, the

---

[2] *Foster v. Mutual Fire, Marine & Inland Ins. Co.*, 986 F. 2d 48 (3d Cir. 1993). There, the Third Circuit held that "when a writ of summons, a praecipe, or of course a complaint provides adequate notice to defendant of federal jurisdiction, the thirty-day period is triggered." *Id.* at 49.

Complaint in this case also fails to state that Plaintiff is seeking damages in excess of the jurisdictional amount.[3]

In accordance with *McLaren,* the Court will next look to whether there are "sufficient facts from which damages can be readily calculated." 32 F.4th at 237. Plaintiff indicates that he is seeking "full compensation with back pay and benefits with full renumeration," (Compl. ¶23), but the Complaint does not provide Plaintiff's salary, hourly wages, or any compensation or benefits information from which to ascertain the number of damages. Therefore, although Defendants may have known Plaintiff's salary and benefits information, the removal analysis depends on "what a defendant *receives*, and not on what knowledge it possesses." *Id.* at 238 (internal quotations omitted, emphasis added). This logic applies to Plaintiff's argument that Defendants were on notice due to pre-litigation settlement discussions. As such, the Court finds that the Complaint does not provide "sufficient facts from which damages can be readily calculated" and therefore concludes that the Complaint does not identify the amount in controversy "to a substantial degree of specificity," as required. *Id.* at 237. In sum, the Court concludes that the four corners of the Complaint did not trigger (b)(1)'s thirty-day removal clock.

B.  **SUBSECTION (B)(3)**

The Court will next determine whether the thirty-day clock under (b)(3) was triggered. As explained, if the initial pleading does not show that the case is removable, then, under (b)(3), a case may be removed "within 30 days after receipt by the defendant . . . of a copy of an amended

---

[3] At least one other court in this district has acknowledged that New Jersey Court Rule 4:5-2 conflicts with the requirement that a complaint must state "an unequivocal statement of damages sought." *See Small v. Baxton*, Civ No. 22-5313, 2022 WL 18106591, at * 3 (D.N.J. Dec. 7, 2022). In *Baxton*, decided after *McLaren,* the court applied the subjective-inquiry test, reasoning that "courts in this district have generally relied on the subjective-inquiry approach in personal injury cases, in which allegations of severe injury are sufficient to alert a defendant to an amount in controversy in excess of the jurisdictional requirement." *Id.* (citing cases). Because the case before the Court is not a personal injury case, it finds *Baxton* distinguishable, and therefore does not inquire into whether *McLaren* contradicts *Baxton* under these factual circumstances.

pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

Once Defendants received Plaintiff's responses to interrogatories on May 22, 2024, which affirmatively showed that Plaintiff's damages exceeded the jurisdictional amount based on his claim for back-pay alone, subsection (b)(3)'s clock began to run. Defendants were then required to remove the case within thirty-days and did so on June 18, 2024. Defendants' removal was thus timely under subsection (b)(3). Accordingly, the case will remain in this Court.

Because the Court will deny the Motion, Plaintiff's request for attorney's fees will also be denied.

V.  **CONCLUSION**

For the reasons stated above, the Court will DENY the Motion. An appropriate Order will follow.

Date: February 18, 2025

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**
